IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| FREDRICK YVONNE CULP, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:10-946-HFF-JRM |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN OF LEE | ) | **REPORT AND RECOMMENDATION** |
| CORRECTIONAL INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Fredrick Yvonne Culp ("Culp"), is an inmate at the South Carolina Department of Corrections serving a sentence of 20 years for possession of crack cocaine with intent to distribute. Culp filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 which was received by the Court on April 21, 2010. Respondent filed a return and motion for summary judgment on August 16, 2010. Because Culp is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on August 17, 2010 advising him of his responsibility to respond to the motion for summary judgment. Culp filed a response on September 13, 2010.

**Background and Procedural History**

The record before this Court shows the following:

1. On August 27, 2003, officers of the York County Drug Enforcement Unit executed a search warrant at 1032 Carolina Avenue, Rock Hill, South Carolina, the residence of Culp and Tracy Lyn Heath ("Heath"). (App. 87-88).

2.  Culp was arrested for possession of crack cocaine with intent to distribute that night. The arrest warrant was not served on Heath until March 30, 2004.[1] (App. 94).

3.  Culp was bonded out by Willie Knox, a local bondsman. Gary Lemel, Esquire, was appointed to represent Culp.

4.  On March 16, 2004, Culp appeared before the court with counsel. Culp requested that Mr. Lemel be relieved, indicating that he had already talked to another attorney about representing him. The court relieved Mr. Lemel and advised Culp that his trial would be after May 1, 2004, and that if he had not retained another attorney by that time that Culp would have to proceed *pro se*. (Supp.App. II).

5.  The case was called for trial on July 13, 2004. Culp did not appear. Assistant Solicitor Kris Jordan ("the Solicitor") provided the court with information about contacts with Culp and that Mr. Lemel had been relieved:

    a.  Culp appeared in court the week of June 7, 2004. The Solicitor re-extended a plea offer to Culp which he rejected on June 9, 2004;

    b.  The Solicitor advised Culp to be prepared for trial the week of June 12, 2004, with or without counsel;

    c.  On July 6, 2004, an investigator for the Solicitor personally delivered the discovery and a letter advising of the trial date to Culp;

    d.  The Solicitor advised Culp's bondsman of the date;

---

[1] Culp and Heath were also charged with possession with intent to distribute within close proximity to a school, but those charges were dismissed.

  e.  On July 12, 2004, Heath advised the Solicitor that Culp had been arrested and was detained at the Rock Hill city jail;

  f.  The Solicitor telephoned the Rock Hill city jail and spoke directly to Culp on July 12, 2004. She advised Culp that his trial would be the next day, July 13, 2004. Culp told her that he would be there;

  g.  The Solicitor verified that Culp was released from the Rock Hill city jail at mid-afternoon on July 12, 2004.

(App. 7-10).

6. Heath and Culp were tried <u>in absentia</u>. Both were found guilty. (App. 193-194).

7. A sealed sentence was entered and a bench warrant for Culp was issued. (App. 202).

8. Culp was arrested on the bench warrant and appeared before the court on July 19, 2004. Culp did not have an attorney. The 20 year sentence was unsealed and imposed. The court specifically advised Culp that he had 10 days from that date to file a notice of appeal. Culp acknowledged that he understood. (App. 206-209).

9. Culp did not file a direct appeal.

10. Culp filed a *pro se* application for post-conviction relief ("PCR") on May 6, 2005. He asserted:

  a.  Ineffective assistance of counsel - "counsel threatened to withdraw representation if I wouldn't plea."

  b.  Violation of due process - "trial in absentia while detained in Rock Hill city jail."

c. Violation of constitutional rights - "denied proper representation by legal counsel."

(App. 219-225).

11. The PCR court issued a "Conditional Order of Dismissal" on October 18, 2005, finding that Culp had not stated a claim for which relief could be granted under the PCR statute, S.C.Code Ann., § 17-27-10, *et. seq.* (App. 231).

12. PCR counsel for Culp, F. Lee O'Steen, Esquire, filed a response to the conditional order of dismissal. (App. 235).

13. A hearing was held on August 13, 2007. (App. 239). Culp appeared and testified.

14. The PCR court issued an order of dismissal on September 7, 2007 finding that Culp's testimony was not credible. (Supp.App.).

15. A petition for writ of certiorari was filed in the Supreme Court of South Carolina by the South Carolina Commission on Indigent Defense raising the following grounds:

    1. Petitioner was deprived of his right to have counsel represent him at trial and at his sentencing.

    2. Petitioner was denied his right to be present at trial.

    3. Petitioner did not voluntarily and intelligently waive his right to a direct appeal in the case.

(Res.Mem., Ex. 1).

16. The petition for writ of certiorari was granted on January 23, 2009, and briefing was ordered. (Res.Mem., Ex. 3).

17. Counsel filed a brief addressing the grounds quoted above from the petition for writ of certiorari. Further, a brief was submitted pursuant to White v. State, 263 S.C. 110, 208 S.E.2d 35 (1974)[2], raising the following direct appeal issues:

> 1. The lower court erred in failing to direct a verdict of acquittal on the drug charge because the state failed to prove every element of the offense charged.
>
> 2. The lower court erred in allowing appellant's statement into evidence at trial.
>
> 3. The lower court erred in allowing appellant's case to proceed to trial and at sentencing without the representation of counsel.
>
> 4. The lower court erred in allowing the photographs of the appellant into evidence at trial.

(Res.Mem., Ex. 5).

18. The Supreme Court dismissed the writ of certiorari as improvidently granted. *See* Culp v. State, Mem.Op.No. 2009-MO-050 (S.C. filed September 21, 2009). (Res.Mem., Ex. 8).

19. The Remittitur was returned on October 8, 2009. (Res.Mem., Ex. 9).

### Grounds for Relief

In his present petition, Culp asserts he is entitled to a writ of habeas corpus on the following ground:

> **GROUND ONE**: The violation of Petitioner's U.S. Constitutional right to be represented by counsel at trial and sentencing.
>
> **GROUND TWO:** The violation of Petitioner's U.S. Constitutional right to be present at trial.

---

[2]This case holds that where the PCR judge determines that an applicant did not freely and voluntarily waive his right to direct appeal, the applicant may petition the South Carolina Supreme Court for review of direct appeal issues.

**GROUND THREE:** The violation of Petitioner's constitutional right to a direct appeal of the conviction and sentence obtained by and through Petitioner's trial held without representation of counsel in absentia.

## Discussion

**A. Anti-Terrorism and Effective Death Penalty Act ("AEDPA") Statute of Limitations**

Respondent asserts that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the Petitioner's conviction becomes final, not at the end of collateral review. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within 10 days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. Crawley v. Catoe, 257 F.3d 395 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. Harris, 209 F.3d at 328, n. 1 (conviction become final on the expiration of the 90-day period to seek review by the United States Supreme Court).

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 196 F.3d 557, 561 (4th Cir. 1999). Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." Crawley v. Catoe, 258 F.3d at 399. A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "(A)n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite

7

filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace v. DiGulielmo, 544 U.S. 408, 414 (2005) quoting Carey v. Saffold, 536 U.S. 214, 236 (2002).

Generally, computing periods of time under 28 U.S.C. § 2244(d)(2) is pursuant to Fed. R. Civ. P. 6(a). Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

The Fourth Circuit has held that the statute of limitations in § 2254 is not jurisdictional, but subject to the doctrine of equitable tolling. Equitable tolling applies only in "those rare instances where–due to circumstances external to the [Petitioner's] own conduct–it would be unconscionable to enforce the limitation against the [Petitioner]." Harris, 209 F.3d at 330. Under § 2244(d), the State bears the burden of asserting the statute of limitations. Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). To benefit from the doctrine of equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way" preventing him from timely filing. Pace, 544 U.S. at 418. An attorney's mistake in calculating the filing date for a habeas petition relative to the AEDPA's statute of limitations is not an extraordinary circumstance warranting equitable tolling. Lawrence v. Florida, 549 U.S. 327, 336-337 (2007) ("Attorney miscalculation [of a deadline] is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."). *See also* Harris, 209 F.3d at 331.

Because Culp did not file a direct appeal, his conviction became final no later than 10 days after his sentence was imposed on July 19, 2004, i.e., July 29, 2004. Culp filed his PCR 281 days later on May 6, 2005. The PCR remained pending, and the statute of limitations tolled, until the

return of the Remittitur on October 8, 2009. The envelope in which the present petition was received by the Court shows that it was received for mailing by prison officials on April 13, 2010. Using that date as the filing date, an additional 188 days of untolled time lapsed between the return of the Remittitur and the filing of the present petition. Thus a total of 469 days of untolled time lapsed between the date the conviction became final and the date the present petition was filed.[3] Culp has not argued that he is entitled to equitable tolling.

**B. Merits**

Alternatively, Respondent argues that even if Culp's claims are considered on their merits, he is not entitled to relief.

Since Culp filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to

---

[3]The undersigned is mindful of the Supreme Court's decision in Jimenez v. Quarterman, ___ U.S. ___, 129 S.Ct. 681 (2009), but concludes that it does not affect the analysis here. In Jimenez, the Supreme Court held that when a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, before the defendant has first sought federal habeas relief, the date of finality of the conviction for purposes of 28 U.S.C. § 2244(d)(1)(A) and the commencement of the limitations period is the conclusion of the out-of-time appeal, or the expiration of time for seeking review of that appeal. *Id.*, at 683-687. Here, the PCR court made no finding that Culp was entitled to an out-of-time appeal. Culp asserted in his petition for writ of certiorari following denial of his PCR that he did not voluntarily and intelligently waive his right to direct appeal. The petition was granted, but was later dismissed as having been improvidently granted. Since no state court ever found that Culp was entitled to an out-of-time appeal, Jimenez does not apply.

9

any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). *See* Williams v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Id.* at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521.

10

Culp asserts that he was deprived of his rights to be represented at trial and sentencing,[4] to be present at his trial,[5] and to a direct appeal.[6] The state courts appear to have discounted Culp's PCR testimony[7] and relied on the statements made on the record by Culp at the hearing on March 16, 2004, and by the unsworn statements of the Solicitor at Culp's trial <u>in absentia</u>. Based on this record, the South Carolina courts appear to have concluded that Culp asked that his appointed counsel be relieved so he could retain private counsel which he failed to do.[8] Further, it appears the South Carolina courts concluded that Culp had been specifically notified of the trial, released from jail, but voluntarily decided not to appear. Respondent cites several South Carolina cases in his memorandum in this Court and in the brief to the South Carolina Supreme Court, including <u>State v. Cain</u>, 277 S.C. 210, 284 S.E.2d 779 (1981), holding that the waiver of right to counsel can be inferred from the defendant's conduct.

South Carolina procedure provides that a criminal defendant may be tried <u>in absentia</u>. *See* S.C.R.Crim.P. 16. After inquiry the trial court made specific findings as to Culp and Heath:

---

[4] The Sixth and Fourteenth Amendments afford the right of a state criminal defendant to be represented by counsel at trial. <u>Gideon v. Wainwright</u>, 372 U.S. 335 (1963).

[5] The Fifth and Fourteenth Amendments afford a state criminal defendant the right to be present at trial and at all proceedings at which his presence has a substantial relationship to his opportunity to defend against the charge. <u>Kentucky v. Stincer</u>, 482 U.S. 730 (1987).

[6] The United States Constitution does not guarantee a direct appeal after a criminal conviction. <u>United States v. MacCollom</u>, 426 U.S. 317 (1976); <u>McKane v. Durston</u>, 153 U.S. 684 (1984); and <u>Bounds v. Smith</u>, 430 U.S. 817 (1977).

[7] The PCR court found it to be not credible.

[8] At the PCR hearing Culp testified that after Mr. Lemel was relieved he talked to another attorney but "he wanted to charge to much, so I couldn't afford one." He made no further efforts to be appointed either Mr. Lemel or another attorney. (App. 249).

> Let's let the record reflect that this court has inquired fully and has sufficient information to believe that both of the defendants in these cases clearly knew that trial was set this week, and specifically knew that trial could be or actually would be today, and they have failed to show. They've been summoned twice by our bailiff. They've not answered; they are not here now, and the court has determined that we will proceed to a trial in their absence.

(App. 12).

With respect to appeal, the court specifically advised Culp of his right to appeal within 10 days after sentencing. Culp acknowledged that he understood. (App. 206-209). At the PCR hearing, Culp testified that he did not appeal because, "I didn't know who to get in touch with about it."

Even though the PCR court did not directly address the issues raised in the petition for writ of certiorari, the record supports a conclusion that Culp asked that his appointed counsel be relieved, that he did not retain another attorney or seek another appointed lawyer, that he was aware of the trial, that he was released from jail the day before the trial, that he voluntarily chose not to appear, and that he made no effort to appeal his case after being advised of his right to do so.

## **Conclusion**

Based on a review of the record, it is recommended that Respondent's motion for summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

November 15, 2010

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).